David TONER, Guardian ad litem for Kevin TONER, an infant child, and David Toner and Susan Toner, husband and wife, individually, Plaintiffs-Appellees,

v.

LEDERLE LABORATORIES, A DIVISION OF AMERICAN CYANAMID CO., a corporation, Defendant-Appellant.

No. 84–3906.

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1987.

Elam, Burke, Evans, Boyd & Koontz, and Robert J. Koontz, Boise, Idaho, for defendant-appellant.

Kenneth L. Pedersen and Curtis R. Webb, Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, Idaho, and Richard D. Poling, Charlotte, N.C., for plaintiffs-appellees.

Before WRIGHT, KENNEDY and ANDERSON, Circuit Judges.

## ORDER

Upon consideration of the parties submissions, it appears there are certain erroneous or ambiguous statements in the first opinion of the court in this matter, *Toner v. Lederle Laboratories*, 779 F.2d 1429 (9th Cir.1986).

The opinion is amended by striking the last two sentences in the fifth paragraph, which state:

"Because of this difficulty, at the time of Kevin Toner's vaccination, the whole cell pertussis vaccine was the only pertussis vaccine licensed by the Food and Drug Administration (FDA) for use in the United States. It remains the only licensed vaccine today."

In lieu of those sentences, the following language is inserted:

"At the time of Keven Toner's vaccination, the whole cell pertussis vaccine was the only pertussis vaccine licensed by the Food and Drug Administration (FDA) and distributed in the United States."

The opinion is further amended by striking the last two sentences in the ninth paragraph, which state:

"However, in 1972, a review panel within the Bureau of Biologics of the FDA refused to certify Tri-Solgen as "safe and effective" although it did so certify the whole cell vaccines. Because the FDA has refused to relicense Tri-Solgen or any other fractionated cell product, the manufacture and sale of such a vaccine by Lederle, or any other pharmaceutical company, would constitute a criminal offense under the Food, Drug and Cosmetic Act. *See* 21 U.S.C. §§ 331(d), 333(a), 355(a) (1982)."

In lieu of those sentences, the following language is inserted:

"However, in 1972, a review panel within the Bureau of Biologics of the FDA refused to certify Tri-Solgen as "safe and effective" although it did so certify the whole cell vaccines. Thus, whole cell vaccine was the only pertussis vaccine marketed in the United States because the sole licensee of the fractionated vaccine had ceased production in 1975, and the FDA had declined to relicense Tri-Solgen or any other fractionated cell product at that time. The manufacture and sale of a vaccine by any pharmaceutical company other than a valid licensee constitutes a criminal offense under the

Food, Drug and Cosmetic Act. *See* 21 U.S.C. §§ 331(d), 333(a), 355(a) (1982)."